IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOHN R. WILLIAMS, JR.,

    Plaintiff,

v.

SHAUN WIESENBACH, CHRISTOPHER PRICE, MCKEES ROCKS BOROUGH, ROBERT CIFRULAK, *Chief of Police of the Borough of McKees Rocks, in his individual capacity*

    Defendant(s).

13cv0878
**ELECTRONICALLY FILED**

## Memorandum Order

**I.**    **Introduction**

This is a civil rights action. Plaintiff alleges that Defendants, acting in their official capacity, and Defendant Cifrulak, acting in his individual capacity, used excessive force, maliciously prosecuted him, and otherwise violated his constitutional rights and retaliated against him under the First, Fourth and Fourteenth Amendments while acting under color of state law, in violation of 42 U.S.C. § 1983. In support thereof, Plaintiff avers that following a minor dispute with a neighbor regarding the behavior of his grandchildren, the police were called, he was wrongfully tasered in the presence of his minor grandchildren, improperly seized/arrested, maliciously prosecuted, and his grandchildren were left unattended while he was unlawfully detained at the McKees Rocks Borough police station. According to the Complaint, Plaintiff was charged with disorderly conduct and other charges, but the charges were ultimately dismissed.

1

## II. Standard of Review

**Rule 12(b)(6)**

In considering a Rule 12(b)(6) motion, Federal Courts require notice pleading, as opposed to the heightened standard of fact pleading. Fed. R. Civ. P. 8(a)(2) requires only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds on which it rests.'" *Bell Atlantic Corp. v. Twombly,* 550 U.S. 554, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Building upon the landmark United States Supreme Court decisions in *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the United States Court of Appeals for the Third Circuit explained that a District Court must undertake the following three steps to determine the sufficiency of a complaint:

> First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

*Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013) (citation omitted).

The third step of the sequential evaluation requires this Court to consider the specific nature of the claims presented and to determine whether the facts pled to substantiate the claims are sufficient to show a "plausible claim for relief." *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013). "While legal conclusions can provide the framework of a Complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 664.

This Court may not dismiss a Complaint merely because it appears unlikely or improbable that Plaintiff can prove the facts alleged or will ultimately prevail on the merits. *Twombly*, 550 U.S. at 563 n.8. Instead, this Court must ask whether the facts alleged raise a reasonable expectation that discovery will reveal evidence of the necessary elements. *Id.* at 556. Generally speaking, a Complaint that provides adequate facts to establish "how, when, and where" will survive a Motion to Dismiss. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 212 (3d Cir. 2009).

In short, a Motion to Dismiss should not be granted if a party alleges facts, which could, if established at trial, entitle him/her to relief. *Twombly*, 550 U.S. at 563 n.8.

### III. Discussion

In the Partial Motion to Dismiss, Defendants argue that Plaintiff has failed to properly allege a claim for individual liability against Chief Cifrulak. As both parties agree, there are two avenues to properly plead supervisory liability under Section 1983. First, if a supervisor established and maintained a policy, practice or custom which directly caused a constitutional harm. Second, a supervisor may be held liable if he or she participated in violating Plaintiff's rights, directed others to violate them, or had knowledge of and acquiesced in violations of the subordinates. 42. U.S.C. § 1983; *Santiago v. Warminster Township*, 629 F.3d 121 (3d Cir. 2010).

> The allegations (at paragraph 7 of the Complaint) against Chief Cifrulak are as follows:
>
> Defendant Robert Cifrulak, is the Chief of Police of McKees Rocks Borough. He is sued in his individual capacity. This defendant, at all times relevant hereto, exercised the day-to-day responsibility to ensure the McKees Rocks Borough police officers were properly trained, supervised and disciplined. Further, this defendant at all times relevant hereto, had knowledge and/or was on notice, the McKees Rocks Borough police officers had used their official powers and authority to retaliate against and harass citizens on account of protected first amendment speech, by use of false arrest, the use of excessive and unnecessary force, the filing of false criminal charges.

3

> Despite such knowledge, this defendant filed to take action to prevent such conduct and/or otherwise permitted such actions to take place as a custom, practice or policy.

Although the allegations supporting this claim are not as "rich as some might prefer," *Fowler*, 578 F.3d at 212, these allegations, combined with the numerous factual allegations in the Complaint, meet the standard of plausibility set forth under *Iqbal* and its progeny.

Defendants further argue that Plaintiff's claims against McKees Rocks Borough fail because Plaintiff has failed to identify a municipal policy, practice, or custom that amounts to deliberate indifference regarding the rights of the people with whom the Police come into contact. *Carswell v. Homestead*, 381 F.3d 235 (3d Cir. 2004). Accepting the allegations of the Complaint as true, the facts meet the standard of plausibility on this claim as well.

Next, Defendants argue that Plaintiff's First Amendment retaliation claim must also be dismissed, because Plaintiff has failed to plead that he was engaged in constitutionally protected activity, which he must show in order to establish a claim for First Amendment retaliation. *Eichenlaub v. Township of Indiana*, 385 F.3d 274, 282 (3d Cir. 2004). Plaintiff alleges in the Complaint that while "attempting to explain why he went to talk to Clayton Moore, one of the officers yelled, 'That's it!' and slapped Mr. Williams's hands from his railing." Complaint, ¶ 13. Plaintiff alleges that the Officers then tasered him in front of his grandchildren, ranging in age from 5 to 10 years of age. Plaintiff further alleges that "[W]hen Mr. Williams regained the ability to talk he asked the officers, 'Why did you do that' . . . Mr. Williams was placed in a patrol vehicle as he continuously pleaded with Officers Wiesenbach and Price to allow him [to] call the parents of his grandchildren to inform them of his arrest so someone could pick up the children. When Mr. Williams asked the officers 'What about my grandchildren?' one of the officers responded, "What about them?'" Complaint at ¶¶ 16, 19. The officers then allegedly

ignored Plaintiff's pleas and transported him to the McKees Rocks Police Station, leaving the children unattended in the residence. Complaint at ¶ 20. These factual allegations are sufficient to support a claim for retaliation under the First Amendment.[1]

Finally, Defendants contend that no claim of punitive damages may be sustained against the Borough of McKees Rocks and Officers Wiesenbach and Price as such damages are not available against a municipality under Section 1983. Plaintiff concedes on this point, and therefore, the request for punitive damages as to the municipality is stricken from the Complaint. Plaintiff, however, seeks leave to amend her Complaint to add a claim for punitive damages against the "proper" Defendant(s).

While Plaintiff is correct that Fed. R. Civ. Pr. 15(a)(1)(B) provides that he may file one Amended Complaint as a matter of course, it also requires that any such Amended Complaint must be filed within 21 days of the date the Motion to Dismiss was filed (8/20/13). The Court notes, however, that Plaintiff requested leave to amend the Complaint on the issue of punitive damages in Plaintiff's response to the Motion to Dismiss (filed on 9/10/13 at doc. no. 16). The Court will grant said request and an Amended Complaint shall be filed by September 25, 2013. Defendants shall file an Answer by October 2, 2013. The Court will not, however, entertain any requests to re-litigate matters that were raised and ruled upon in the instant Memorandum Order.

---

[1] In Plaintiff's Response to the Motion to Dismiss (doc. no. 16) Plaintiff continually refers to facts outside of the Complaint, which the Court has not considered in its analysis.

Accordingly, for these reasons, Defendants' Partial Motion to Dismiss (doc. no. 11) is GRANTED with respect to punitive damages, and DENIED in all other respects.

**SO ORDERED** this 20th day of September, 2013.

<u>s/Arthur J. Schwab</u>
Arthur J. Schwab
United States District Judge

cc: All Registered ECF Counsel and Parties